UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No.  2:13-cv-0205 MCE AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| M. BLACKBURN, et al., | |
| Defendants. | |

Plaintiff is proceeding in this 28 U.S.C. § 1983 action pro se and in forma pauperis. Currently pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  See ECF No. 17.  Plaintiff has filed an opposition to the motion, ECF No. 19, and the time to file a reply has lapsed.  For the reasons discussed herein, the undersigned recommends denying the motion.

I.      Motion to Revoke In Forma Pauperis Status

At the outset, the court notes that at the time that plaintiff filed the complaint as well as his in forma pauperis application in the current case, plaintiff was not in custody.  Neither party has addressed the effect that plaintiff's lack of custody status has on the pending motion.  However, the federal statute and case law governing the provision and revocation of in forma pauperis status makes it clear that while a non-prisoner may qualify for in forma pauperis status, the revocation of such status applies only to "prisoners."  Compare 28 U.S.C. § 1915(a) with §

1915(g)-(h); see also Andrews v. Cervantes, 493 F.3d 1047, 1052 n. 1 (9th Cir. 2007) (finding that 28 U.S.C. § 1915, which allows for filing fees to be waived based on indigency, is not limited to prisoners) (citing Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (collecting the cases stating the same). "The term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program." 28 U.S.C. § 1915(h). The Ninth Circuit Court of Appeal has strictly construed this statutory provision finding that it excludes immigration detainees. See Agyeman v I.N.S., 296 F.3d 871, 886 (9th Cir. 2002). In Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000), the Ninth Circuit held that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915." 201 F.3d at 1140. At the time that he filed the present civil action, plaintiff was no longer detained for a criminal offense. Therefore, the undersigned recommends denying the motion.

ACCORDINGLY IT IS HEREBY ORDERED that:

1. Defendants are ordered to file an answer to plaintiff's complaint within thirty days of the district court's review and disposition of the instant Findings and Recommendations;

2. The Status Conference scheduled for February 5, 2014 is hereby vacated, to be reset following the filing of the answer.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 17) be denied for the reasons stated herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE