UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-00205-MCE-AC-P |
| Plaintiff, | |
| v. | ORDER |
| M. BLACKBURN, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  This matter came to be heard before the undersigned on September 24, 2014 on defendants' motion to compel.  Robert Benyamini appeared in propria persona via telephone.  Benjamin Dore, Esq. appeared on behalf of the moving defendants.  On review of the motion and the opposition thereto, and hearing the argument of plaintiff and counsel, the court will grant the motion for the reasons stated on the record in open court and reiterated here.

I.   Defendants' Motion to Compel

Defendants moved pursuant to Fed. R. Civ. P. Rule 37(a) for an order compelling plaintiff to respond to their discovery requests served on June 9, 2014.  ECF No. 29-1 at 1.  Defendants' discovery requests included one set of interrogatories and requests for production of documents.  Id.  Defendants have identified the following interrogatory as inadequate:  Blackburn's Interrogatories 6-10 and Marzan's Interrogatories, 2-10.  Id. at 2.  In his response served on July

1

1  7, 2014, plaintiff objected to these interrogatories as either "irrelevant," "irrelevant, vague, and
2  inconclusive," or "out of context." See ECF No. 30 at 5-6, 10-13.

3  Defendants also contend in their motion that plaintiff has failed to adequately respond to
4  each of their requests for production of documents. ECF No. 29-1 at 2-3. In his responses to all
5  but Blackburn's RFPD No. 1, plaintiff objects by stating that the requests are "irrelevant at this
6  time," "vague," "vague/inconclusive," or "out of context." ECF No. 30 at 16-17, 20-21.
7  The only document produced by plaintiff in response to Blackburn's RFPD No. 1 is a cell
8  extraction video from May 6, 2009. Defendants assert that this video shows other correctional
9  officers attempting to remove plaintiff from his cell in order to administer court-ordered
10 medication and, as such, is not related to the allegations against defendants Blackburn or Marzan
11 pertaining to a cell move that occurred on April 29, 2009.

12 Defendants assert that the blanket relevancy objections provided by plaintiff are
13 inadequate responses under Rules 33 and 34 of the Federal Rules of Civil Procedure. ECF No.
14 29-1 at 4. Without proper responses to their discovery requests, they will be prejudiced in their
15 defense of this action. Id. at 2.

16 II.  Plaintiff's Opposition

17 In his opposition, plaintiff justifies his general objections to the discovery requests on the
18 following ground: "When a question is asked that is so truly vague, and is a question[] better
19 brought up in front of a juror [of] my peers, I can also object as it is also broad in nature." ECF
20 No. 33 at 1. As to his objections that the requests are irrelevant "at this time," plaintiff contends
21 that any remaining responses or material "are best suited for trial." Id. at 2.

22 With respect to his response to Blackburn's RFPD No. 1 pertaining to the May 6, 2009
23 cell extraction video, plaintiff concedes that this is not the cell extraction video from the date of
24 the allegations in the complaint. ECF No. 33 at 2. However, plaintiff asserts that this video is
25 still relevant to his allegations because it was created only a few days after the April 29, 2009
26 incident and purportedly shows the injuries to his wrist which had still not healed by that time.
27 Id.

28 Plaintiff further indicates that he did not produce the relevant 602 grievance form

1 pertaining to his allegations because it is no longer in his possession.  ECF No. 33 at 2.  He has

2 written to the New Folsom State Prison Records Department in order to obtain a copy, but he has

3 not yet received a response back.  Id.  The court notes that defendants do not object to the portion

4 of plaintiff's response to Blackburn's RFPD No. 1 indicating that plaintiff "will provide 602

5 grievance in time."  See ECF No. 30 at 16.

6 III.     Relevant Legal Standards

7 Interrogatories must be answered fully, in writing, and under oath.  Fed. R. Civ. P.

8 33(b)(3).  While extensive research is not required, a party must make a reasonable effort to

9 respond adequately.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132 at

10 *2 (E.D.Cal. Sep. 21, 2007).

11 Rule 34 requires that "[f]or each item or category, the response must either state that

12 inspection and related activities will be permitted as requested or state an objection to the request,

13 including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  "An objection to part of a request [for

14 production of documents] must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

15 34(b)(2)(C).

16 A party seeking discovery may move to compel when a party-opponent "fails to answer

17 an interrogatory submitted under Rule 33" or "fails to respond that inspection will be permitted-or

18 fails to permit inspection-as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  For

19 purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must

20 be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Furthermore, the

21 party opposing discovery bears the burden of resisting disclosure.  See Blankenship v. Hearst

22 Corp., 519 F.2d 418, 429 (9th Cir.1975).

23 IV.     Analysis

24 In a motion to compel, the moving party bears the burden of showing why the other

25 party's responses are inadequate or their objections unjustified.  See Williams v. Cate, No. 1:09-

26 cv-0468 LJO JLT, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden

27 of informing the Court... for each disputed response, why Defendant's objection is not justified....

28 Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and

3

that he wants an order compelling further responses.")  (citing Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008)).  Here, defendant has adequately demonstrated that plaintiff's blanket relevancy objections do not meet Rule 33's specificity requirement.  Likewise, to the extent that plaintiff makes the same blanket and generalized objections to defendants' request for production of documents, he has failed to specify what portion of the request he objects to and to permit inspection of the remaining request.  See Fed. R. Civ. P. 34(b)(2)(C).

The specific interrogatories objected to by plaintiff seek to identify the injuries he sustained as a result of the alleged use of excessive force , any subsequent medical treatment he received for said injuries, and the factual basis for his requests for  compensatory and punitive damages.  ECF No. 30 at 5-6, 11-13, 16-17, 20-21.  Plaintiff also failed to respond to defendants' discovery requests seeking to identify those parties who may have information or material related to the specific matters at issue in this litigation.  ECF No. 30 at 11, 17, 20-21.  Thus, the requested information forms much of the core of plaintiff's claims.  The court therefore finds that the discovery requests are relevant and will order plaintiff to respond.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendants' discovery requests are overruled.

2. Defendants' motion to compel plaintiff's responses to defendants' discovery requests (ECF No. 29) is granted.

3. Plaintiff shall produce supplemental discovery responses to Blackburn's Interrogatories Nos. 6-10, Marzan's Interrogatories Nos. 2-10, Blackburn's RFPD Nos. 2-7, and Marzan's RFPD Nos. 1-7 forthwith.

4. To the extent possible, plaintiff is ordered to produce said supplemental discovery responses at his deposition scheduled for September 29, 2014.

5. At said deposition the parties shall meet and confer regarding the current discovery deadline of October 7, 2014 to determine whether any extension is necessary.

///

///

6. Any necessary motion to modify the discovery and scheduling order shall be made as soon as practicable thereafter and no later than October 7, 2014.

DATED: September 24, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE