UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BLACKBURN, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-0205 MCE AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis with a civil rights action, seeks an extension of time and appointment of counsel. ECF No. 53.

Plaintiff has filed a timely second request for an extension of time to file and serve an opposition to defendants' November 26, 2014 motion for summary judgment. The current deadline was on February 13, 2015. ECF No. 52. Plaintiff seeks an additional sixty days to file his response. ECF No. 53 at 5. Good cause appearing, the motion will be granted nunc pro tunc.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most pro se plaintiffs, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 53) is granted; and

2. Plaintiff is granted an extension of sixty days to file and serve his opposition to the defendants' motion for summary judgment, up to April 14, 2015.

3. Plaintiff's motion for the appointment of counsel (ECF No. 53) is denied without prejudice.

DATED: March 9, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2