UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-0205 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| M. BLACKBURN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending is defendants' motion to strike plaintiff's unauthorized surreply.[1] ECF No. 65. Defendants' motion to strike is set for hearing on August 26, 2015.

Defendants seek to strike plaintiff's surreply (ECF No. 63) on the grounds that it is not authorized and that it does not correct the defects in his evidence. ECF No. 65 at 3. Defendants have noticed the motion for hearing on August 26, 2015. Id. at 1. Though it is not clearly identified as such, plaintiff has filed what the court will consider a response to the motion. ECF No. 67 at 4. As an initial matter, the court notes that because plaintiff is no longer incarcerated, this case is now governed by the non-prisoner provisions of Local Rule 230 and it was proper for

---

[1] Also pending are plaintiff's motion to supplement the record (ECF No. 62) and defendants' motion for summary judgment (ECF No. 45), which are not addressed in this order and will be considered in due course.

1

defendants to notice the motion for hearing.[2] However, the court finds that oral argument is not necessary in this instance and the motion will be decided on the papers and the August 26, 2015 hearing will be vacated.

Local Rules 230, which sets out the procedures for civil motions, contemplates a motion, a response, and a reply. There is no provision for a surreply and plaintiff has not requested leave to submit further briefing. Moreover, the court has reviewed plaintiff's surreply and finds that it does not add any relevant information to the resolution of the motion for summary judgment that was not already present in plaintiff's opposition.

With respect to the additional information provided for the polygraph examiner who conducted the polygraph exam submitted by plaintiff, the court declines to consider this evidence on summary judgment. Plaintiff has already submitted sworn statements in his verified complaint (ECF No. 1) and declaration (ECF No. 57 at 16-22) regarding the contents of the relevant questions asked during the polygraph examination. The result of the polygraph examination are not actual evidence of the events that occurred and the court can see no purpose for its submission other than to bolster plaintiff's credibility. Credibility determinations are the function of the jury, not of a judge on a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Moreover, the vague resume and summary letter provided by plaintiff (ECF No. 63 at 18-21) are insufficient to establish that Mr. DiPaola has the "knowledge, skill, experience, training, or education" to qualify as an expert or that the testimony he would offer constitutes "scientific knowledge." Fed. R. Evid. 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-94 (1993).

For these reasons, the defendants' motion to strike plaintiff's surreply will be granted.

/////
/////
/////

---

[2] Plaintiff is advised that he should familiarize himself with the non-prisoner provisions of Local Rule 230, as the briefing requirements for non-prisoner actions differ from those that applied while he was incarcerated.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 65) is granted.

2. The hearing on the motion to strike, set for August 26, 2015, at 10:00 a.m., is vacated.

DATED: August 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE