1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT BENYAMINI,                          No. 2:13-cv-0205 MCE AC P

12              Plaintiff,

13        v.                                     ORDER SETTING SETTLEMENT
                                                 CONFERENCE
14   M. BLACKBURN, et al.,

15              Defendants.

16

17        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  On December 2, 2015 the parties were directed to notify the court whether

19   they believed a settlement conference would be beneficial in this case.  ECF No. 75.  The parties

20   have agreed that a settlement conference in this case would be beneficial.  ECF Nos. 76, 79.  On

21   January 21, 2016, defendants filed a notice requesting another magistrate judge be assigned to for

22   the purposes of conducting a settlement conference.  ECF No. 82.  Therefore, this case will be

23   referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference at the U. S.

24   District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on March 31, 2016

25   at 9:00 a.m.

26        In accordance with the above, IT IS HEREBY ORDERED that:

27        1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

28            Newman on March 31, 2016, at 9:00 a.m. at the U. S. District Court, 501 I Street,

1

1   Sacramento, California 95814 in Courtroom #25.

2   2.  A representative with full and unlimited authority to negotiate and enter into a binding

3   settlement on the defendants' behalf shall attend in person.[1]

4   3.  Those in attendance must be prepared to discuss the claims, defenses and damages.

5   The failure of any counsel, party or authorized person subject to this order to appear in

6   person may result in the imposition of sanctions.  In addition, the conference will not

7   proceed and will be reset to another date.

8   4.  Judge Newman or another representative from the court will be contacting the parties

9   either by telephone or in person, approximately one week prior to the settlement

10   conference, to ascertain each party's expectations of the settlement conference.

11   DATED:  January 26, 2016

12   ALLISON CLAIRE
13   UNITED STATES MAGISTRATE JUDGE

---

[1]  While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2