UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BLACKBURN, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-0205 MCE AC P<br><br><br>ORDER |

　　　　Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2016, after defendants declined to waive disqualification of the undersigned as the settlement judge, this case was referred to Magistrate Judge Kendall J. Newman for settlement. ECF No. 83. Plaintiff has now filed objections to Magistrate Judge Newman acting as the settlement judge in this case (ECF No. 84), which the court construes as a request to disqualify Magistrate Judge Newman.

　　　　Because the undersigned is the magistrate judge assigned to this case, she cannot act as the settlement judge unless all parties consent. Although plaintiff consented to the undersigned acting as the settlement judge, defendants did not and the undersigned remains disqualified from acting as the settlement judge. The ability to decline to have a magistrate judge act as the settlement judge without showing cause applies only to the magistrate judge assigned to the case.

////

When some or all of the parties choose not to waive any potential conflict in having the assigned magistrate judge act as the settlement judge, another magistrate judge is randomly selected to conduct the settlement conference. The parties do not have to consent to the randomly selected magistrate judge and they do not get to choose the magistrate judge assigned. In order to disqualify a magistrate judge who is not also assigned to the case from acting as the settlement judge, the party moving for disqualification must show cause.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984)).

Plaintiff argues that Magistrate Judge Newman is biased against him because he previously dismissed several of plaintiff's cases and denied several motions. ECF No. 84. He alleges that the dismissals and denials were improper. Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and plaintiff offers nothing more than his disagreement with Magistrate Judge Newman's previous rulings as grounds for disqualification. Plaintiff has not established a reasonable question as to Magistrate Judge Newman's impartiality or that a bias or prejudice exists. His request to disqualify Magistrate Judge Newman will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to disqualify Magistrate Judge Kendall J. Newman as the settlement conference judge (ECF No. 84) is denied.

DATED: February 9, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE