UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BLACKBURN, et al.,<br><br>    Defendants. | No. 2:13-cv-0205 MCE AC P<br><br><br><br>ORDER |

    Plaintiff has filed objections to the order partially granting his motion to extend his time to respond to defendants' motion to deem him a vexatious litigant (ECF Nos. 95-96) and a motion to supplement his objections (ECF No. 94).

    Plaintiff's objections, which this court construes as a renewed motion for extension, provide the additional information the court notified plaintiff he needed to provide should he seek further extension of his time to file a response to the motion to deem him a vexatious litigant (ECF No. 93). ECF Nos. 95, 96. The motion to supplement seeks to supplement the objections with an MRI report and surgery and anesthesiology consent forms as proof that plaintiff had surgery. ECF No. 94.

    Plaintiff appears to have misunderstood the court's previous order requiring that he provide additional information to support a sixty-day extension of time, as he accuses the court of not believing that he had surgery. ECF No. 94 at 2. However, the court only required that

1 plaintiff provide additional information: specifically, the date he had or was scheduled to have
2 surgery and why the surgery necessitated additional time to draft the complaint when he had
3 access to voice-to-text software.  ECF No. 93.  Although plaintiff is proceeding pro se, he is not
4 excused from providing the court with sufficient information to determine whether good cause
5 exists to grant his request for extension which, contrary to plaintiff's claim, is not minimal.
6 Plaintiff is also reminded that though he is proceeding pro se, he is no longer incarcerated and is
7 therefore no longer afforded much of the leniency afforded to prisoners due to their incarcerated
8 status.  See Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986) (highlighting
9 difference between incarcerated and unincarcerated pro se plaintiffs).
10         Plaintiff has now notified the court that his surgery took place on April 15, 2016, and has
11 explained the difficulties he faces in drafting his response despite his access to voice-to-text
12 software.  ECF Nos. 95, 96.  The court finds this to be good cause for a sixty-day extension of
13 plaintiff's time to file a response to defendants' motion to deem him a vexatious litigant.  Plaintiff
14 also cites numerous financial hardships.  However, he is advised that while the court is
15 sympathetic to his financial hardships, such difficulties do not establish good cause for extending
16 deadlines.  No further extensions of time will be granted absent a showing of extraordinary cause.
17         Accordingly, IT IS HEREBY ORDERED that:
18         1. Plaintiff's motion to supplement the record (ECF No. 94) is granted.
19         2. Plaintiff's objections (ECF Nos. 95, 96) are construed as a renewed motion for
20 extension of time to file a response to defendants' motion to deem plaintiff a vexatious litigant.
21         3. Plaintiff's motion for extension (ECF Nos. 95, 96) is granted and plaintiff shall have an
22 additional sixty days, up to and including July 15, 2016, to respond to defendants' motion to
23 deem him a vexatious litigant.  No further extensions of time will be granted absent a showing of
24 extraordinary cause.
25 DATED: May 3, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2