UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BLACKBURN, et al.,<br><br>    Defendants. | No. 2:13-cv-0205 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 2, 2017, the undersigned denied plaintiff's request for a ninety-day extension of time to file a pretrial statement. ECF No. 112. The court did, however, provide a brief, fourteen-day extension, up to October 18, 2017, to file a pretrial statement. Id. at 2. Plaintiff was further warned that failure to file a pretrial statement could result in the imposition of sanctions, including dismissal of this action. Id. The deadline has now passed and plaintiff has yet to file his pretrial statement.

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R.

1

Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since February 2013, and there is no evidence that plaintiff has made any attempt to file a pretrial statement since the court's June 30, 2017 order which set the original deadline for submitting a pretrial statement. Instead, plaintiff waited until a week before his statement was due to file a motion for a ninety-day extension that failed to demonstrate that he had made any efforts to complete his pretrial statement in the nearly three months since he was first ordered to provide one. ECF No. 111. When that motion for extension was denied for failure to show good cause, plaintiff proceeded to file a motion requesting the service of subpoenas. ECF No. 114. That motion was denied because it essentially sought to re-open discovery, which had been closed for nearly three years. ECF No. 115. Plaintiff's failure to file a timely pretrial statement and decision to focus on other matters despite being warned that his case may be dismissed creates the possibility that waiting for plaintiff's compliance will result in the trial in this case being postponed, impeding resolution of this case.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to

plaintiff's reason for defaulting.  Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).  Plaintiff has provided no explanation for his failure to timely comply with the court's order and his failure impairs the defendants' ability to file a responsive pretrial statement and to prepare for and proceed to trial.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, at this late stage in the proceedings, the court finds that there are no other, lesser sanctions that would be satisfactory or effective.  Despite plaintiff's failure to demonstrate good cause, the court has already provided him with additional time to comply and warned him that failure to file a pretrial statement may result in dismissal of the action.  ECF No. 112.  The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement.  Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-133; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).  In light of the other matters which cannot be properly addressed until plaintiff has filed a pretrial statement, and the impending trial date, further extensions of time are not feasible.  Furthermore, given plaintiff's IFP status and numerous assertions of continued financial hardship, he would likely be unable to pay any monetary sanctions, making them of little use.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to comply with a court order and failure to prosecute.  See Fed. R. Civ. 16(f); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

////

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE